IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>CEOPHUS DAVIS, )<br>)<br>Defendant/Movant. ) | Case No. 2:04-CR-137-LSC-TMP<br>2:07-CV-8003-LSC-TMP |

## **MEMORANDUM OPINION and ORDER DENYING MOTION**

The magistrate judge filed his report and recommendation with respect to the defendant/movant's motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence in case number 2:04-CR-137-LSC-TMP. The movant filed his timely objections to the report and recommendation on February 27, 2009. The court now undertakes to review and consider *de novo* the report and recommendation, the objections, and all other materials in the court file related to the conviction and sentence.

In his criminal case, movant was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the presentence investigation report ("PSI"), to which no objection was made by movant or his counsel, indicated that movant had three prior state felony convictions for distribution of a controlled substance. On the basis of these three prior felony convictions, the court found that defendant was due to be sentenced as an armed career offender under 18 U.S.C. § 924(e), and the court sentenced him at the low end of the applicable Guideline range to 235 months in prison. The conviction and sentence were affirmed on appeal.

Movant filed his motion pursuant to 28 U.S.C. § 2255 on February 2, 2007, alleging in essence three claims of ineffective assistance of counsel as grounds for relief from the conviction and sentence.[1]  He claimed that he received ineffective assistance of counsel at sentencing and on appeal because his attorney (1) failed to object to the PSI, which omitted information that the prior state felony convictions were related, and "which demonstrates that [movant] is actually innocent of the imposed sentence"; (2) failed to object to or appeal the use of "related convictions" for an enhancement as an armed career criminal; and (3) failed to pursue on appeal a claim that his sentence improperly applied the mandatory statutory sentencing in violation of Booker.  After receiving a response from the government, the magistrate judge filed his report and recommendation on January 7, 2009, recommending the denial of § 2255 relief.

Movant's first objection to the report and recommendation argues that the magistrate judge erroneously applied the standards announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for assessing movant's claim, instead of the standards discussed in United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).  He argues that, by failing to object to the use of his three prior felony convictions to sentence him as an armed career criminal, counsel created a "constructive denial" of counsel at sentencing and on appeal, so that the presumption of prejudice provided in Cronic applies, rather than the usual necessity for a showing of prejudice under Strickland.  In Conklin v. Schofield, 366 F.3d 1191 (11th Cir. 2004), the court of appeals recently discussed Cronic, saying:

---

[1] In addition to the allegations of ineffective assistance, movant also asserted cryptic claims based on some "hidden contract," not otherwise identified.  As he has not raised any objections to the magistrate judge's recommendation on these claims, the court will not address them further.

2

> Generally, to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and counsel's performance prejudiced the defense. *See Mincey*, 206 F.3d at 1142 (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). However, prejudice need not be shown in certain limited situations. *See United States v. Cronic*, 466 U.S. 648, 659-60, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). *Cronic* notes four situations where courts have found *per se* ineffectiveness: (1) where there has been a "complete denial of counsel;" (2) where the accused is denied the presence of counsel at "a critical stage" such as arraignment; (3) "[when] counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" and (4) where circumstances are so prejudiced against the defendant that competent counsel could not render effective assistance.

Id., at 1201. Cronic represents a "narrow exception" to the usual rule of prejudice found in Strickland. See Chadwick v. Green, 740 F.2d 897, 900 (11th Cir. 1984). In this case, movant argues that he fits under category (3), that his "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" by failing to object at sentencing to consideration of his three prior felonies for purposes of armed career criminal sentencing.

The court disagrees that Cronic is the proper standard to apply. The record makes clear that counsel, while not perfect, subjected the government's case to meaningful adversarial testing. She filed several pretrial motions to suppress evidence and, in *limine*, she subjected the government's witnesses to cross-examination during trial, she made proper objections to evidence during trial, and she argued forcefully for movant's defense. Movant faults her simply for not objecting to the PSI's conclusion that he had three prior state felony convictions for distribution of a controlled substance. The court does not find that his lone failure to object takes this case out of the ordinary Strickland analysis and into the realm of the Cronic analysis. The magistrate judge correctly assessed movant's claims of ineffective assistance of counsel using the Strickland standard.

Viewed through the prism of Strickland, it is clear that movant misplaces the burden of proving prejudice with respect to his claims. Under Strickland, movant is required to allege and come forward with evidence to show that counsel's failure to object to consideration of his three prior state felonies was professionally incompetent *and* that it resulted in prejudice to him in sentencing. The PSI prepared by the probation office identified movant's three prior convictions as being for distribution of controlled substance offenses, with each occurring on a different date than the others. Movant has not shown this to be incorrect. Counsel's failure to object to the use of these felony convictions resulted in Strickland prejudice to the movant at sentencing only if, in fact, these conclusions in the PSI are inaccurate, and movant has not alleged this to be true. While he argues that the government failed to prove these convictions with certified copies of court records, his failure to object at sentencing relieved the government of the obligation to do so, and he has not now shown that counsel's failure to object allowed the court to reach a prejudicially incorrect understanding of his prior felony record. If, in fact, movant came forward with state court records showing that the convictions were not for drug distribution or that they were "related," the outcome might be different, but he has not done so. He has relied on the mistaken argument that Cronic relieves him of the burden of showing prejudice. Because he has not alleged sufficiently or shown a mistake in the basic conclusion of the PSI that his prior convictions were for drug distribution and that they are not "related" within the meaning of 18 U.S.C. § 924(e)(1) and (2), he has not shown Strickland prejudice and his objections are due to be overruled.

    Movant's objection to the rejection of his claim of ineffective assistance on appeal is likewise overruled. The court agrees with the reasoning of the magistrate judge in rejecting this claim.

Having carefully considered *de novo* the movant's objections to the report and recommendation, the court finds that they are due to be and hereby are OVERRULED, and the report and recommendation is ADOPTED and ACCEPTED.  Accordingly, the court hereby DENIES and DISMISSES WITH PREJUDICE the movant's § 2255 motion for relief from the conviction and sentence.

The Clerk is DIRECTED to mail a copy of the foregoing to the movant.

Done this <u>16th</u> day of <u>March 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671